[Cite as *State v. Jarvi*, 2014-Ohio-1774.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-A-0037** |
| KAYLA JARVI, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2010 CR 92.

Judgment: Affirmed.

*Thomas L. Sartini*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Michael A. Hiener*, P.O. Box 1, Jefferson, OH 44047 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1}   This appeal is from the resentencing judgment in a criminal action before the Ashtabula County Court of Common Pleas. Appellant, Kayla Jarvi, challenges the propriety of the procedure followed by the trial court in imposing her new sentence. For the following reasons, the sentence is affirmed because the record does not show any error on the trial court's part in considering the relevant statutory factors for sentencing.

{¶2}   The legal propriety of appellant's original sentence was analyzed in *State*

*v. Jarvi*, 11th Dist. Ashtabula No. 2011-A-0063, 2012-Ohio-5590. In summarizing the basic facts of the underlying case, our prior opinion stated:

{¶3} "In March 2010, appellant was indicted on two counts of complicity in the commission of aggravated murder, one count of complicity in the commission of murder, one count of complicity in the commission of involuntary manslaughter, and one count of complicity in the commission of aggravated robbery. These charges were predicated upon an incident in which appellant and three other persons trespassed into the home of Richard Hackathorn, an individual who had given financial aid to appellant in the past. After Hackathorn refused to give appellant any money on that particular occasion, one of her male companions struck Hackathorn with a wooden club, causing him to fall on floor. Appellant then removed Hackathorn's wallet from his pocket and took a sum of money.

{¶4} "After the criminal case against appellant had been pending for over fifteen months, the state filed an information which charged her with two new offenses based upon the incident in the Hackathorn home. Specifically, the state now charged her with one count of aggravated robbery, a first-degree felony under R.C. 2911.01(A)(3), and one count of aggravated burglary, a first-degree felony under R.C. 2911.11(A)(1).

{¶5} "One day following the submission of the information, appellant entered a written and oral plea of guilty to both of the new charges. In response, the state agreed to dismiss all five original counts under the indictment. Upon conducting the necessary colloquy with appellant in accordance with Crim.R. 11, the trial court accepted the guilty plea and cancelled her scheduled trial." *Id.* at ¶2-4.

2

**{¶6}** After conducting a separate sentencing hearing, the trial court sentenced appellant to two concurrent terms of nine years on the respective offenses. In pursuing her first appeal to this court, appellant contended that the trial court should have merged the two offenses for purposes of sentencing. We agreed, holding that: (1) aggravated burglary and aggravated robbery were allied offenses of similar import; and (2) the facts of the case established that appellant did not commit the offenses separately or with a separate animus. *Id.* at ¶24. Accordingly, the case was remanded for resentencing.

**{¶7}** A new sentencing hearing was held in May 2013. In asking the trial court to impose a shorter sentence, appellant's trial counsel emphasized that she was a first-time felony offender and had an exemplary prison record over the preceding eighteen months. In addressing the court directly, appellant stated that she had received therapy while in prison and was learning how to deal with her various problems and exhibit more self-control. In response, the state requested that, upon merger of the two offenses, the trial court still impose a definite term of nine years.

**{¶8}** After noting that appellant would be sentenced solely under the charge of aggravated robbery, the trial court again ordered her to serve a nine-year prison term on that offense. In explaining the basis for its decision, the court cited the fact that, even though she was once a friend of the victim, she broke into his home and joined in the commission of a "cold-blooded" act which resulted in the victim's death.

**{¶9}** One month after the second sentencing hearing, the trial court issued its final judgment re-imposing the nine-year term. In again appealing the sentencing order to this court, appellant raises a single assignment of error for review:

**{¶10}** "The trial court erred when sentencing Appellant without considering the

3

factors found in R.C. 2929.12(B) and (C), and R.C. 2929.11(B)."

{¶11} In challenging the length of her sentence, appellant argues that, in imposing one of the longest terms possible for a first-degree felony, the trial court failed to engage in a statutorily-mandated analysis. Specifically, she states that, in weighing the various facts of her case, the trial court did not consider certain statutory factors which she and her trial counsel invoked during the sentencing hearing. In support, appellant notes the trial court did not make any reference to the statutory factors either during the hearing or in its final resentencing judgment.

{¶12} As appellant's brief aptly states, the general principles for the imposition of a felony sentence are delineated in R.C. 2929.11 and 2929.12. First, R.C. 2929.11(A) provides that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes * * *." Second, division (B) of that statute requires that, in addition to achieving the two cited goals, a sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim * * *." Third, R.C. 2929.12 gives a substantial list of factors to be employed in determining the relative seriousness of the underlying crime and the likelihood that the defendant will commit another offense in the future.

{¶13} As to the list of statutory factors, five of the six divisions in R.C. 2929.12 expressly provide that a trial court "shall consider" the cited factors as they relate to the issues of seriousness and recidivism. However, even though there is a mandatory duty to "consider" the statutory factors, there is no corresponding duty upon the trial court to explain its analysis of those factors in a given case. *State v. Vargo*, 11th Dist. Portage

4

No. 2010-P-0065, 2011-Ohio-6690, ¶22. In elaborating upon this point, the *Vargo* court noted:

{¶14} "'It is well-settled that R.C. 2929.12 does not require a sentencing court to discuss the statutory criteria on the record or even to state on the record that it had considered them. *State v. Chapdelaine*, 11th Dist. No. 2009-L-166, 2010-Ohio-2683, at ¶14. In fact, the Court in [*State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912] noted that where a sentencing court does not memorialize on the record that it considered the factors, a presumption arises that the factors were properly considered. [*Kalish* at ¶27], f.n. 4. "By implication, as long as there is some indication that the factors were considered, a reviewing court is bound to uphold the sentence." *Chapdelaine*, supra.' [*State v. Bever*, 11th Dist. Lake No. 2010-L-022, 2010-Ohio-6443] ¶42.

{¶15} "See, also, *State v. Tenney*, 11th Dist. No. 2009-A-0015, 2010-Ohio-6248, at 14, in which this court concluded that a silent record raises a presumption that the relevant statutory factors were duly considered before the sentencing determination was made." *Vargo* at ¶23-24.

{¶16} *Vargo* involved a situation in which the trial court made no direct reference to the statutory factors either during the sentencing hearing or in its final judgment. *Id*. at ¶25. Despite this, the *Vargo* court held that it would be improper to infer that the R.C. 2929.12 factors were not considered; instead, it must be presumed from a silent record that the trial court satisfied its obligation to consider the relevant factors. *Id*. The *Vargo* court also emphasized that, although the presumption of compliance could be rebutted, the defendant could not point to anything in the record indicating that the trial court had decided to ignore the statutory criteria in that particular instance. *Id*. at ¶26.

**{¶17}** The *Vargo* precedent is applicable to the facts of this case. In challenging the trial court's sentencing analysis, appellant has not cited any statement, either during the oral hearing or in the final judgment, in which the trial court expressed an intention to ignore some or all statutory factors that were pertinent to the case. Therefore, since the presumption of compliance has not been rebutted, it must be presumed that the trial court duly considered all relevant sentencing factors, including those points asserted by appellant and her trial counsel during the hearing, before making its final determination. For this reason, appellant has failed to demonstrate any error as to the consideration of the R.C. 2929.12 factors for imposing a felony sentence.

**{¶18}** Given that no procedural error occurred, the scope of our review is limited to the propriety of a nine-year prison term under the facts of this case. In relation to the standard an appellate court must use in reviewing a felony sentence, this court recently stated:

**{¶19}** "In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, * * *, the Ohio Supreme Court established a two-step analysis for an appellate court reviewing a felony sentence. In the first step, we consider whether the trial court 'adhered to all applicable rules and statutes in imposing sentence.' *Id.* at ¶25. 'As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G).' *Id.*

**{¶20}** "As the Ninth Appellate District observed:

**{¶21}** "'*Kalish* did not specifically provide guidance as to the "laws and rules" an appellate court must consider to ensure the sentence clearly and convincingly conforms with Ohio law. The specific mandate of *Kalish* is that the sentence fall within the

6

statutory range for the felony of which a defendant is convicted.' *State v. Gooden*, 9th Dist. No. 24896, 2010-Ohio-1961, ¶48, citing *Kalish* at ¶15.

**{¶22}** "Next, if the first step is satisfied, we consider whether, in selecting the actual term of imprisonment within the permissible statutory range, the trial court abused its discretion. *Kalish*, *supra*, ¶26. An abuse of discretion is the trial court's '"failure to exercise sound, reasonable, and legal decision making."' *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004)." *State v. Tyler*, 11th Dist. Portage No. 2012-P-0041, 2013-Ohio-3393, ¶11-14.

**{¶23}** In this case, the trial court sentenced appellant on the aggravated robbery count, a first-degree felony under R.C. 2911.01(A)(3). Pursuant to R.C. 2929.14(A)(1), the permissible range of possible prison terms for a first-degree felony consists of three, four, five, six, seven, eight, nine, ten, or eleven years. Given that appellant's nine-year term falls within the governing statutory range, her sentence is clearly and convincingly consistent with the applicable Ohio law. Hence, the first step of the *Kalish* standard has been met.

**{¶24}** Turning to the "abuse of discretion" prong of the *Kalish* standard, although the trial court did not refer to any specific statutory factor in ordering a nine-year term, it did provide an explanation for its decision at the end of the second sentencing hearing:

**{¶25}** "You know, Mr. Hackathorn was a friend to all of you folk who went into his house. And I cannot take the image out of my mind that you broke in the back door. Mr. Hackathorn - - he was slugged, and you reached into his pocket, took out his wallet, took out the money, stuffed it in your shirt. It's absolutely cold-blooded, terrible what

happened to that man. Who did not have much himself, but what he had he shared. And that's tragic.

{¶26} "And, yes, you have got a lengthy sentence, but the - - there's a death here. It was a murder. And for someone who was a friend to everybody as far as I know, and he took care of people and helped them when he had very little to offer himself."

{¶27} The trial court's statement of the underlying facts was generally consistent with the state's recitation of facts during the prior plea hearing in June 2011. Moreover, appellant has not raised any objection to the trial court's factual summary, either at the trial level or before this court. Given those facts, the trial court could justifiably conclude that appellant and her three co-defendants committed one of the most serious forms of aggravated robbery. After breaking into the victim's home, appellant took money from the victim following his assault by another member of the group. The assault consisted of a blow to the victim's head which resulted in his death.

{¶28} Even though appellant claimed during the hearing that she was receiving therapy in prison and was learning to exhibit more self-control, the trial court obviously held that the seriousness of the appellant's crime was entitled to significantly greater weight than the mitigating factors referenced by her and her trial counsel. In light of the undisputed description of the crime in the record, the trial court's sentencing analysis was not arbitrary, unreasonable, or illogical. Accordingly, the trial court acted within its sound discretion in imposing a nine-year prison term for the aggravated robbery.

{¶29} As the record does not support appellant's contention that the trial court failed to follow the necessary procedure for the imposition of a felony sentence, her sole

8

assignment of error does not have merit.  It is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

9