[Cite as *State v. Hardin-Moore*, 2011-Ohio-4666.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                  :

    Plaintiff-Appellee                          :          C.A. CASE NO.   24237

v.                                             :          T.C. NO.   10CR629

PHILLIP M. HARDIN-MOORE           :            (Criminal appeal from
                                                         Common Pleas Court)

    Defendant-Appellant                   :

                                               :

. . . . . . . . . .

**O P I N I O N**

Rendered on the   16th   day of   September  , 2011.

. . . . . . . . . .

TIMOTHY J. COLE, Atty. Reg. No. 0084117, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

BAHJAT M. ABDALLAH, Atty. Reg. No. 0078504, 15 West Fourth Street, Suite 100, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Phillip Hardin-Moore pled guilty to two counts of endangering a child in violation of R.C. 2919.22(B)(1) and (E)(2)(d), felonies of the second degree. He was sentenced to two concurrent eight-year terms of incarceration, to be followed by a three-year

term of postrelease control. He appeals from his conviction, challenging the sentence imposed.

I

**{¶ 2}** On March 10, 2010, Hardin-Moore was indicted on three counts of endangering a child, resulting in serious physical harm. He pled guilty to two counts; the third count was dismissed.

**{¶ 3}** Because Hardin-Moore has not provided a written transcript of the plea hearing, we do not have the State's recitation of the facts to which Hardin-Moore pled guilty. However, the State filed a Memorandum Regarding Sentencing, which contained a description of the facts and was read at the sentencing hearing. (Hardin-Moore also acknowledged these facts in his brief.)

**{¶ 4}** The State recounted that the victim was an infant and that, on March 1, 2010, Hardin-Moore shook the victim "hard" for five to ten seconds because the victim was crying, causing the victim to stop breathing. While the victim was being treated at Children's Medical Center, doctors also discovered that he had healing fractures to his ribs and leg. With respect to these injuries, Hardin-Moore had stated that, on a previous occasion while changing the victim's diaper, he "grabbed and squeezed his legs really hard" to keep the infant's legs up and pushed them into the infant's stomach.

**{¶ 5}** According to the victim's mother's statement at sentencing, the victim, who was two-months old at the time of the shaking offense, was hospitalized for several weeks, has a "high risk of seizures," has "delays in development" and will likely have learning disabilities, and may lose his vision in his right eye.

{¶ 6}  The State requested that Hardin-Moore be sentenced to five years for each offense, "for a total of 10 years," or that, "if the Court finds that just one sentence is appropriate, *** he receive the maximum sentence of 8 years."

{¶ 7}  In Hardin-Moore's Sentencing Memorandum, he pointed out to the court that he had no prior criminal record and was 25-years-old at the time of the offense.   He asserted that he had been the victim of physical and verbal abuse by his mother, had dropped out of school in ninth grade, and had maintained steady employment for many years.   He also relied on and attached numerous letters from family and friends, who stated that they did not know him to be an angry or aggressive man.   Hardin-Moore asked that he be sentenced to community control sanctions.

{¶ 8}  As discussed above, the trial court sentenced Hardin-Moore to two eight-year terms of imprisonment, to be served concurrently, and to three years of postrelease control. Eight years is the maximum sentence for a felony of the second degree.   R.C. 2929.14(A)(2).

## II

{¶ 9}  Hardin-Moore appeals, raising one assignment of error.

{¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING THE MAXIMUM PRISON SENTENCE ."

{¶ 11} Hardin-Moore contends that the trial court abused its discretion in weighing the seriousness and recidivism factors set forth in R.C. 2929.12 and in concluding that the maximum sentence was appropriate in this case. Hardin-Moore claims that the trial court erred in concluding that the offense was "more serious than conduct normally constituting

the offense" because of the victim's age and because of the "serious harm" to the victim. He asserts that the inuries occurred only because of the victim's age (i.e., an older child would not have been injured by his conduct) and that serious harm was an element of the offense and should not have been used to enhance the penalty as well. He also argues that the court "erred in not applying the recidivism factors" under R.C. 2929.12(D) and (E), because "all recidivism factors appl[ied] favorably" to him.

{¶ 12} "The overriding purposes of felony sentencing are to protect the public from future

{¶ 13} crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense." R.C. 2929.11(A). A court that imposes a sentence for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12(A). "Although [*State v*.] *Foster* [109 Ohio St.3d 1, 2006-Ohio-856] eliminated judicial fact-finding, courts have not been relieved of the obligation to consider the overriding purposes of felony sentencing, the seriousness and recidivism factors, or the other relevant considerations set forth in R.C. 2929.11, 2929.12, and 2929.13." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶25.

{¶ 14} We review a felony sentence using a two-step procedure. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, ¶4. "The first step is to 'examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine

whether the sentence is clearly and convincingly contrary to law.'" *State v. Stevens,* 179 Ohio App.3d 97, 2008-Ohio-5775, ¶4, quoting *Kalish* at ¶ 4. "If this step is satisfied, the second step requires that the trial court's decision be 'reviewed under an abuse-of-discretion standard.'" Id. Generally, abuse of discretion is an "appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, illegal, or unsupported by the evidence." *State v. Money*, Clark App. No. 2009CA119, 2010-Ohio-6225, ¶13 (internal citations omitted). "[I]n the felony sentencing context, '[a]n abuse of discretion can be found if the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and 2929.12.'" *State v. Jordan,* Columbiana App. No. 09 CO 31, 2010-Ohio-3456, ¶12 (internal citation omitted).

{¶ 15} R.C. 2929.12(B) and (C) enumerate factors to be considered in weighing the seriousness of an offender's conduct, and R.C. 2929.12(D) and (E) enumerate factors to be considered in weighing the likelihood of the offender's recidivism. The court also may consider any other factors that are relevant to achieving the purposes and principles of sentencing. *State v. Saunders,* Greene App. No. 2009 CA 82, 2011-Ohio-391, ¶11.

{¶ 16} The trial court stated that it considered the statutory factors in imposing its sentence and that the presumption of a prison sentence for this particular offense had not been overcome. It imposed a sentence within the statutory range. Hardin-Moore's sentence was not "clearly and convincingly contrary to law."

{¶ 17} Having concluded that Hardin-Moore's sentence was not contrary to law, we must consider whether the trial court abused its discretion in imposing the sentence that it did. Pursuant to R.C. 2929.12(B), factors "indicating than an offender's conduct is more

serious than conduct normally constituting the offense" include: 1) the physical or mental injury to the victim was exacerbated because of the physical or mental condition of the victim; 2) the victim suffered serious physical, psychological, or economic harm as a result of the offense; 3) the offender held a public office or position of trust in the community, and the offense related to that office or position; 4) the offender was obliged by the nature of his profession or occupation to prevent the offense or bring others committing it to justice; 5) the offender's professional reputation or occupation was used to facilitate the offense or is likely to influence the future conduct of others; 6) the offender's relationship with the victim facilitated the offense; 7) the offender committed the offense for hire or as a part of an organized criminal activity; 8) in committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion; and 9) the offense is domestic violence or some type of assault involving a family or household member, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

{¶ 18} The trial court found two of the "more serious" factors to be present: the "physical injury that was suffered by [the victim] *** was exacerbated because of the physical age of the victim who is only two months old," and the victim "suffered serious physical harm as a result of this offense."

{¶ 19} Hardin-Moore challenges the court's conclusion that the nature of his offenses – shaking the victim and grabbing or squeezing the victim's legs in a way that resulted in broken bones – exacerbated the victim's injuries. He claims that "[t]he injury to

the victim was not exasperated [sic] because he is a baby, rather the injuries were suffered because the victim was a baby. That is, a child who is not a baby – absent unique physical or mental condition – would not suffer 'serious physical harm' as a result of shaking and squeezing of the legs. *** The injuries would not have been suffered at all, or, in the least, would not be labeled 'serious' (escalating the offenses to Felony of the second degree) had the child not been a baby." The State responds that "Hardin-Moore is not a medical doctor and no medical evidence appears in the record to support this claim."

{¶ 20} The statute to which Hardin-Moore pled guilty involves a victim who is under the age of 18 (or under the age of 21 if "mentally or physically handicapped"). Although all victims of this particular offense are, by definition, children, it was not unreasonable for the trial court to consider the particular vulnerability of a two-month old infant, who did not have the means to defend himself, to flee, or to understand the reasons for Hardin-Moore's actions, as an older child might have done, and may have been more physiologically vulnerable than an older child. We find no abuse of discretion in the trial court's view that the child's age rendered Hardin-Moore's conduct "more serious" than conduct normally constituting the offense.

{¶ 21} Hardin-Moore also argues that the serious harm suffered by the victim should not have been considered as a "more serious" factor in his sentencing because serious physical harm elevated the degree of the offence with which he was charged and "cannot also be an aggravating circumstance justifying a greater than minimum sentence."

{¶ 22} Hardin-Moore has cited two cases in which the *only* factor cited by the trial court for imposing a maximum sentence was a factor that was also an element of the offense.

See *State v. Stroud*, Mahoning App. No. 07 CA 91, 2008-Ohio-3187 (holding that taking a life justified the maximum sentence for voluntary manslaughter); *State v. Schlect*, Champaign App. No. 2003 CA 3, 2003-Ohio-5336 (holding that defendant "acted for hire" when he sold marijuana). In our view, these cases do not hold the position advocated by Hardin-Moore that the seriousness of a victim's injury in a particular case cannot be considered because, by the degree of the offense charged, "serious physical harm" has already been incorporated into the offense.

{¶ 23} Serious physical harm to persons is defined in R.C. 2901.01 and means any of the following: "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment; (b) Any physical harm that carries a substantial risk of death; (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity; (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement; (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." See, also, *State v. Perkins*, Montgomery App. No. 23036, 2009-Ohio-6696, ¶19-25. Obviously, this definition encompasses a wide range of injuries, some of which will allow full recovery and some of which may result in total, permanent incapacity. We do not disagree with Hardin-Moore's *general* proposition that a factor that is inherent in the offense should not additionally be used as a "more serious" factor under R.C. 2929.12(B). However, both the statute that defines endangering children (R.C. 2919.22) and the statute setting forth factors to be considered in sentencing (R.C. 2929.12) recognize that some harm

is more serious than other "serious harm."  A trial court does not abuse its discretion in considering the specific nature of the serious physical harm to the victim in imposing sentence, even if the   nature of the charged offense recognizes that the injury to the victim falls into one of these categories.

{¶ 24} Factors indicating that an offender's conduct is less serious than conduct normally constituting the offense include: 1) the victim induced or facilitated the offense; 2) in committing the offense, the offender acted under strong provocation; 3) in committing the offense, the offender did not cause or expect to cause physical harm to any person or property; 4) there are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.  R.C. 2929.12(C).  The trial court did not find any of these factors to be present.

{¶ 25} Hardin-Moore also argues that, because the trial court did not find any of the factors showing that he "is likely to commit future crimes," it abused its discretion in imposing the maximum prison term.

{¶ 26} A court "shall consider" all of the following factors that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is "likely to commit" future crimes: 1) at the time of committing the offense, the offender was under release from confinement before trial or sentencing, was under post-release control for an earlier offense,  or had been unfavorably terminated from post-release control for a prior offense; 2) the offender previously was adjudicated a delinquent child or has a history of criminal convictions; 3) the offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child or has not responded favorably to sanctions

previously imposed for criminal convictions; 4) the offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that he has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse; and 5) the offender shows no genuine remorse for the offense. R.C. 2929.12(D).

{¶ 27} The factors "indicating that an offender is not likely to commit future crimes" are: 1) prior to committing the offense, the offender had not been adjudicated a delinquent child; 2) prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense; 3) prior to committing the offense, the offender had led a law-abiding life for a significant number of years; 4) the offense was committed under circumstances not likely to recur; and 5) the offender shows genuine remorse for the offense. R.C. 2929.12(E).

{¶ 28} The trial court found various factors tending to show that Hardin-Moore was not likely to commit future offenses: "He has never been adjudicated delinquent, *** he has never been convicted of or pled guilty to a criminal offense, *** [h]e's been a law-abiding citizen for a significant number of years at the age of 25; no prior records. Fully employed most of his life." The court also found that the offense was committed under circumstances not likely to recur if Hardin-Moore "were placed on probation with sufficient conditions such as parental guidance and stress management classes." in sum, the court found that Hardin-Moore's likelihood of recidivism was low. However, even if the recidivism factors indicate that the risk of recidivism is remote, a trial court may nonetheless impose a maximum sentence if, in its view, the seriousness of the offense warrants such a sentence.

*State v. Shively*, Clark App. No. 2007-CA-74, 2008-Ohio-3716, ¶11.

**{¶ 29}** Although the trial court is required to consider the seriousness and recidivism factors, having done so, it has discretion to impose a sentence authorized by law. *Hairston*, supra. Here, Hardin-Moore acknowledges that the trial court made a "rather detailed, mechanical and technical analysis and review prior to imposing sentence." We cannot conclude that the trial court abused its discretion in imposing the sentence it did.

**{¶ 30}** The assignment of error is overruled.

### III

**{¶ 31}** The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Timothy J. Cole
Bahjat M. Abdallah
Hon. Dennis J. Langer