[Cite as *State v. Stephens*, 2024-Ohio-4740.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 23CA011977 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ERIN STEPHENS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 22CR106810 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2024

HENSAL, Judge.

**{¶1}** Erin Stephens appeals her convictions for sexual battery by the Lorain County Court of Common Pleas. For the following reasons, this Court affirms in part and reverses in part.

I.

**{¶2}** The Grand Jury indicted Ms. Stephens on three counts of sexual battery under Revised Code Section 2907.03(A)(9) for engaging in a sexual relationship with K.M., a sixteen-year-old who was one of her karate students. Ms. Stephens was 28 years old at the time. A jury found her guilty of the offenses, and the trial court sentenced her to a total of six years imprisonment. Ms. Stephens has appealed, assigning four errors. Because our disposition of the first two assignments of error is for the same reason, we will address them together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN PRECLUDING APPELLANT FROM INTRODUCING TEXT MESSAGES BETWEEN THE VICTIM AND APPELLANT AT TRIAL.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ABUSED ITS DISCRETION IN PREVENTING APPELLANT'S COUNSEL FROM USING TEXT MESSAGES TO IMPEACH THE VICTIM AND REFRESH HIS MEMORY DURING CROSS EXAMINATION.

{¶3}   In her first assignment of error, Ms. Stephens argues that the trial court incorrectly prohibited her from introducing some of the text messages that she had exchanged with K.M. around the time that the offenses occurred.  In her second assignment of error, she argues that the trial court incorrectly prohibited her from using the same text messages to impeach K.M. or refresh his recollection.  The trial court did not allow Ms. Stephens to use the messages because she had not provided them to the State in discovery.

{¶4}   Under Evidence Rule 103(A), "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected . . . ."  In her brief, Ms. Stephens focuses her argument on whether the trial court's sanction for failing to provide the text messages in discovery was too severe.  She also argues that she was justified in believing that the State already had the messages.  She further argues that, even if the messages were inadmissible, the trial court incorrectly ruled that she could not use them for any purpose, such as impeachment or to refresh a witness's recollection.

{¶5}   Ms. Stephens does not argue how she was harmed by the exclusion of the messages. From the trial transcript, it appears that the messages concerned whether K.M. appreciated and encouraged Ms. Stephens' attention and the sexual conduct.  The offense of sexual battery under

Section 2907.03(A)(9), however, is a strict liability offense. *Compare State v. Perpignand*, 2021-Ohio-4277, ¶ 29 (10th Dist.) (construing Section 2907.03(A)(6)); *State v. Brown*, 2019-Ohio-2599, ¶ 8 (9th Dist.) (construing Section 2907.03(A)(5)); *State v. Kuhlman*, 2017-Ohio-1226, ¶ 16 (6th Dist.) (construing Section 2907.03(A)(7)). The section provides that, "[n]o person shall engage in sexual conduct with another . . . [if] . . . the other person is a minor, and the offender is the other person's athletic or other type of coach, [or] is the other person's instructor . . . ." The evidence that Ms. Stephens wanted to introduce or use to impeach K.M. or refresh his recollection did not concern any of the elements of the offenses. Accordingly, even if the trial court's decisions were incorrect, Ms. Stephens has not established that she was prejudiced by the alleged errors. Evid.R. 103(A); Crim.R. 52(A). Ms. Stephens's first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

> O.R.C. §2907.03(A)(9) IS UNCONSTITUTIONAL AS IT APPLIES TO APPELLANT AS APPELLANT'S BEHAVIOR DID NOT FALL WITHIN THE MEANING OF THE 1973 LEGISLATIVE INTENT, AIMING TO FORBID SEXUAL CONDUCT WITH A PERSON OTHER THAN THE OFFENDER'S SPOUSE WHERE THE OFFENDER TAKES UNCONSCIONABLE ADVANTAGE OF THE VICTIM.

{¶6} In her third assignment of error, Ms. Stephens argues that it is unconstitutional to apply Section 2907.03(A)(9) to her under the circumstances of this case. She argues that this case is not the typical coach/student relationship because K.M. taught some of his own karate classes at her school. Thus, their relationship was more like work colleagues instead of coach and student and she did not use her position of authority over K.M. to coerce him into sexual conduct.

{¶7} "Statutes enjoy a strong presumption of constitutionality." *State v. Shipley*, 2004-Ohio-434, ¶ 78 (9th Dist.). "The burden of proving the unconstitutionality of a statute lies with the challenger of that statute." *Id*. "A court will invalidate challenged legislation only when the challenger can show unconstitutionality of the legislation beyond a reasonable doubt." *Id*. In an

as-applied constitutional challenge, "the party making the challenge bears the burden of presenting clear and convincing evidence of a presently existing set of facts that make[s] the statutes unconstitutional and void when applied to those facts." *Harrold v. Collier*, 2005-Ohio-5334, ¶ 38.

{¶8}   In *Shipley*, this Court noted that, when the General Assembly enacted Section 2907.03, it indicated that its intent was "to protect individuals in a variety of situations where another might take unconscionable advantage of that individual." *Id*. at ¶ 80.  Subsection (A)(9) was not part of the statute at that time but was added in 1994 after the Ohio Supreme Court determined in *State v. Noggle*, 67 Ohio St.3d 31 (1993), that Section 2907.03 did not apply to teachers or coaches who had sexual conduct with a student. *Noggle* at 33, *Shipley* at ¶ 80.

{¶9}   As previously noted, Section 2907.03(A)(9) imposes strict liability.  A person commits sexual battery if the person is the coach or instructor of a minor and engages in sexual conduct with the minor.  It is not required for them to use their position of authority over the minor, and it would fundamentally modify the statute to require intentionality.  It is not disputed that, although K.M. was teaching some of his own classes during the timeframe of the sexual conduct, he was also a student in Ms. Stephens's classes.  He testified that his mother paid for the classes and that he looked up to Ms. Stephens as his instructor throughout the time he attended the school.

{¶10}  Upon review of the record, we conclude that Ms. Stephens has not established that Section 2907.03(A)(9) is unconstitutional as applied to the sexual conduct she engaged in with K.M.  Ms. Stephens's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE JUDICIAL BIAS EXHIBITED BY THE TRIAL COURT AGAINST DEFENSE COUNSEL PRECLUDED DEFENDANT FROM HAVING FAIR AND IMPARTIAL PROCEEDINGS AND VIOLATED DEFENDANT'S DUE PROCESS RIGHTS.

{¶11} In her fourth assignment of error, Ms. Stephens argues that the trial court judge was biased and that it deprived her of a fair trial. The Ohio Supreme Court has held that "a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law." *State v. Dean*, 2010-Ohio-5070, ¶ 48, quoting *State v. LaMar*, 2002-Ohio-2128, ¶ 34. "[J]udicial rulings alone[,]" however, "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. "Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id*. "They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." (Emphasis in original.) *Id*. Deep-seated bias against defense counsel may also deprive the defendant of a fair trial. *State v. Dean*, 2010-Ohio-5070, ¶ 65. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 2003-Ohio-5489, ¶ 5.

{¶12} Ms. Stephens argues that the trial court was biased against her defense counsel, which it exhibited at trial and sentencing. She notes that the court opined that defense counsel had withheld text messages from the State out of gamesmanship and that it characterized the decision not to disclose the messages as a huge mistake. Ms. Stephens also argues that the court favored the State, allowing it to examine witnesses on matters excluded from evidence while prohibiting her from doing the same. She further argues that the court expressed disdain for her attorney's

trial strategy, including the way he cross-examined K.M. She argues that the court discounted her expression of remorse because of her counsel's strategy, leading it to impose a more severe sentence. It also ignored the victim's family's request for leniency.

{¶13} Although framed as a bias argument, Ms. Stephen's argument asserts that the trial court applied improper sentencing factors when it determined her sentence. A sentencing court has discretion in choosing an appropriate sentence, but it may not consider improper factors. *See* *State v. Wright*, 2020-Ohio-5195, ¶ 11 (4th Dist.); *State v. Smith*, 1986 WL 2348, *5 (8th Dist. Feb. 20, 1986).

{¶14} At sentencing, Ms. Stephens stated that she had remorse and that she did not intend to hurt K.M. or anyone else. The court, however, found that she used a position of trust to facilitate the offenses. It noted that the black letter law of the crime does not allow for a defense, yet Ms. Stephens argued that she was in love with K.M. and desired his affection. It commented that she likely only attempted that strategy because she is a woman and not an adult man who had pursued a relationship with a 16-year-old girl. The court also commented that the aggressive cross-examination of the child victim exhibited a certain lack of remorse.

{¶15} Upon review of the record, we conclude that the trial court improperly commented on trial counsel's defense strategy during the sentencing hearing and interpreted it as an indication that Ms. Stephens did not have remorse for the offenses. The court also improperly opined that Ms. Stephens had attempted to take advantage of her sex in presenting a defense. Because Ms. Stephens's sentence, therefore, is clearly and convincingly contrary to law, we conclude that it must be vacated, and this matter remanded for resentencing. R.C. 2953.08(G)(2). Ms. Stephens's fourth assignment of error is sustained.

III.

{¶16} Ms. Stephens's first, second, and third assignments of error are overruled. Her fourth assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for resentencing.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

BRANDON J. HENDERSON and JUSTIN M. WEATHERLY, Attorneys at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.